## SUPREME COURT.

### HIRAM FULLERTON and others. agt. VIALL AND GRANT.

By section 307 of the Code the *term fees* ($10) of causes noticed and put upon the calendar of the court of appeals for argument, are limited to five terms.*

*Warren General Term, July,* 1858.

*Before* ALLEN, JAMES, ROSEKRANS *and* POTTER, *Justices.*

THE defendants in this case appealed to the court of appeals, where the judgment was affirmed June, 1858. The cause was regularly on the calendar eight terms in the court of appeals, before it was reached. 1858, June 26th, costs were adjusted by the clerk of Saratoga county, and he allowed $80 for the eight terms in the court of appeals. The defendants' attorneys objected to the allowance of over five term fees in the court of appeals, and from the clerk's decision appealed to this court, where it was ordered to be heard at the general term in the first instance. The ques-

NOTE.—This·decision is adverse to *Adams* agt. *Perkins* (25 *How. Pr. R.* 368), sixth district, April, 1863, opinion by PARKER, J.; and to *Shaw* agt. *Dwight* (17 *Abb.* 18), first district, December, 1863, opinions by SUTHERLAND and LEONARD, JJ.; also to *Glentworth* agt. *Mount* (17 *Abb.* 15), New York superior court, general term, February, 1863, opinion by BOSWORTH, Ch. J. It will be seen that this decision in the fourth district was made in July, 1858, very soon after the amendment of the 7th subdivision of section 307, and evidently without very partiular consideration, as there is no written opinion given—looking perhaps at the justice and right of the question, more than at the strict wording of the statute. While on the other hand the three cases referred to as adverse seem to have been well considered, and the reasoning of the judges upon the point unanswerable. Notwithstanding, we have no hesitation in asserting our belief that it was never intended by the legislature, in the amendment referred to, to allow any more term fees in the court of appeals than in the other courts specified. Why? Because, for the very obvious reason that the calendars of the court of appeals are so large —some 11, 12 or 1300 causes, that in the two, three or four years which it takes to reach an ordinary cause in its regular order in that court, the necessary term fees will reach much beyond those of the other courts, even were there *no limit* to the term fees in the latter courts. But we presume the judges will be compelled to say in construing this section of the Code, as they are often obliged to declare in construing other statutes—"it is the business of the legislature alone to enact statute laws, and ours to construe them as best we can." REP.

tion was argued at the general term in Warren county, before all the judges, in July, 1858.

W. A. BEACH, *for defendants*,

contended that subdivision 7, of section 307, limited the term fees in the court of appeals to five terms.

E. F. BULLARD, *for plaintiff*,

insisted that the limitation only applied to special and general terms of the supreme court, and was not intended to limit the term fees in the court of appeals.

The COURT decided that the limit of five terms was applicable to the court of appeals, and therefore struck out $30 from the amount allowed by the clerk for such term fees, and reduced the allowance to $50 for five terms.